MUTUAL RESERVE FUND LIFE ASSOCIATION OF NEW YORK
v. CYRUS THOMPSON, Secretary of State.

(Decided December 12, 1899.)

*Domestication of Foreign Corporation in North Carolina,*
*Acts 1899, Chap. 62.*

Where the general counsel of a foreign corporation undertook to
comply with the requirements of Act 1899, chap. 62, for domes-
ticating the corporation in North Carolina, without the knowl-
edge or consent of its officers and directors, and with their dis-
approval, when known to them, his action was properly
annulled by the Court upon their application.

CONTROVERSY WITHOUT ACTION submitted to *Moore, J.*, at
Chambers, September 23, 1899, in WAKE Superior Court, to
vacate and annul the alleged incorporation of the plaintiff in
North Carolina.   His Honor adjudged in favor of plaintiff,
and the defendant appealed.

*Attorney-General,* for appellant.
*J. W. Hinsdale,* and *Shepherd & Busbee,* for appellee.

FAIRCLOTH, C. J.   Controversy without action.   An act
of Assembly, 1899, chap. 62, provides the manner in which

a foreign corporation may become a domestic corporation in North Carolina, by filing in the office of the Secretary of State a duly certified copy of its charter, etc. From the agreed facts it appears that the plaintiff is an insurance company, chartered by the laws of the State of New York, and doing business in its principal office in the city of New York; that the charter, by-laws, and other papers required by said act, were filed with the Secretary of State on or about May 2, 1899; that neither the officers, the board of directors nor the members of the plaintiff association have ever authorized or directed the filing of the said charter and by-laws with the Secretary of State, or consented that the members of the said New York association should have become incorporated in the State of North Carolina, but that whatever has been done in the premises has been done without their knowledge or consent; that the board of plaintiff directors, by resolutions, promptly disavowed the authority and validity of such filing of a copy of the charter, etc., as aforesaid, and so notified the defendant, and demanded a return of the papers so filed, which he refused to do.

It is admitted that said charter and papers were filed as before stated, by the general counsel of the plaintiff without the plaintiff's knowledge or consent. It is admitted that said counsel's authority was to prosecute and defend suits in cases specially entrusted to him by the executive committee or board of directors of said association; that, in details, the said attorney procured certificates for transacting business in other States, and attended to the payment of taxes and license fees imposed upon said association by different States and countries, and that his authority is limited to the foregoing; that said attorney never intended to take steps to incorporate said association under the laws of North Carolina.

Under the above agreed and admitted facts his Honor adjudged:

1. That the filing of said charter and by-laws was nugatory, and the plaintiff association is not a domestic corporation of North Carolina.

2. That the alleged incorporation of the plaintiff corporation in North Carolina be vacated and annulled.

3. That a copy of this judgment be filed with the Secretary of State with said charter and by-laws.

In this judgment we see no error.

Affirmed.